[Cite as *State v. Hayes*, 2026-Ohio-1663.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 25AP-709 |
| v. | : | (C.P.C. No. 20CR-3511) |
| Sharieff J. Hayes, | : | (ACCLERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 7, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee.

**On brief:** *Shariff J. Hayes*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Sharieff J. Hayes, appeals the August 5, 2025 order of the Franklin County Court of Common Pleas denying his July 25, 2025 motion for postconviction relief.

{¶ 2} Hayes was indicted for one first-degree felony count of possession of cocaine with a forfeiture specification on July 31, 2020. He entered a plea of guilty to the lesser-included charge of second-degree felony possession with forfeiture specification on May 15, 2023, and his bond was revoked on that date. But on June 6, 2023 he filed a presentence motion to withdraw his plea, which was subsequently granted. He obtained new counsel who entered an appearance and filed motions, but that counsel was granted leave to withdraw on August 19, 2023. He then chose to proceed pro se, but the trial court also appointed him standby counsel. He filed a pro se interlocutory appeal to this court, which was dismissed for lack of a final order on September 12, 2023, and also filed several pro se

motions in the trial court, most of which were denied as lacking merit. He ultimately entered a no contest plea to the indictment on March 25, 2024, and was sentenced to an indefinite term of four to six years incarceration on that same date. He was given 326 days jail-time credit along with days of transportation to Department of Rehabilitation and Correction. Hayes filed a pro se notice of appeal on March 26, 2024. The transcript of his proceedings was filed in that appeal on July 26, 2024, and this court affirmed his conviction in a decision issued June 26, 2025. *See State v. Hayes*, 2025-Ohio-2238 (10th Dist.).

{¶ 3} On July 25, 2025, Hayes filed a petition for postconviction relief. His petition argued that his standby counsel had violated his rights under the Sixth Amendment to the United States Constitution by filing a motion for discovery, that the state had wrongfully suppressed evidence favorable to him, and that his sentence was voidable and should be vacated. His motion largely rested on the fact that he had not been able to view the dashcam footage of the traffic stop and search that led to his arrest prior to the hearing on his motion to suppress that evidence and the court's subsequent denial of that motion. He did not attach any affidavits or other evidence outside the trial record in support of his claims, and on August 5, 2025, the trial court overruled the motion, observing that all the arguments raised by his postconviction petition "were already or should have been raised in the direct appeal or the subsequent appeals" and were therefore "barred by *res judicata*." (Aug. 5, 2025 Order Denying Def.'s Pro Se Mot. for Post-Conviction Relief.) This appeal followed, and Hayes asserts three assignments of error with the trial court's judgment:

> **Assignment of Error I:** The trial court erred by failing to make and file findings of fact and conclusions of law as to the reasons for denial and as to the grounds for relief relied upon in Hayes' *pro se* petition for post-conviction relief according to 2953.21 of the Ohio Revised Code.
>
> **Assignment of Error II**: The trial court erred in applying the *res judicata* doctrine to evidence *dehors* the record. In particular, evidence that was favorable to a *pro se* defendant during trial proceedings according to Ohio Rules of Criminal Procedure Rule 16; and 149.43 of the Ohio Revised Code.
>
> **Assignment of Error III:** The trial court erred in applying the *res judicata* doctrine to violations of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, by standby counsel and the

prosecutor which prejudiced a *pro se* defendant during trial proceedings.

Because Hayes' three assignments of error are closely related and the issues raised overlap, we will address all of his assignments of error together.

{¶ 4} R.C. 2953.21(A)(1)(a)(i) permits "any person who has been convicted of a criminal offense . . . and who claims that there was a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . [to] file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." We have observed that "[a]s a general matter, a petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment." *State v. Sidibeh*, 2013-Ohio-2309, ¶ 8 (10th Dist.), citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach *because the evidence supporting those issues is not contained in the record*.' " (Emphasis added.) *Sidibeh* at ¶ 8, quoting *State v. Murphy*, 2000 Ohio App. LEXIS 6129 *5 (10th Dist. Dec. 26, 2000).

{¶ 5} The doctrine of res judicata places a significant restriction on the availability of postconviction relief, since it bars a convicted defendant from presenting " 'any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment.' " (Emphasis in original.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. We have also observed that res judicata "implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *State v. Hessler*, 2002-Ohio-3321, ¶ 27 (10th Dist.).

{¶ 6} Moreover, a petitioner is not automatically entitled to an evidentiary hearing on a postconviction petition. *Sidibeh* at ¶ 13, citing *State v. Jackson*, 64 Ohio St.2d 107, 110-113 (1980). To warrant an evidentiary hearing, the petitioner must at the outset provide evidence demonstrating a cognizable claim of constitutional error. *See Sidibeh* at ¶ 13, citing R.C. 2953.21(C). *See also Hessler* at ¶ 24. A trial court may deny a postconviction petition without an evidentiary hearing "if the petition, supporting affidavits, documentary

evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Sidibeh* at ¶ 13, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶ 7} This court reviews a trial court's decision denying a postconviction petition without a hearing for an abuse of discretion. *See, e.g., State v. Howard*, 2016-Ohio-504, ¶ 15-21 (10th Dist.) (citing and quoting cases). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Further, "a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *Sidibeh* at ¶ 7, quoting *State v. Gondor*, 2006-Ohio-6679, ¶ 58.

{¶ 8} Initially, we note that the summary nature of Hayes' postconviction petition and the lack of specific evidence provided to support it relieved the trial court from the requirement of making any lengthy findings of fact and conclusions of law. Hayes' plea had the unavoidable effect of limiting the issues that could have been successfully presented in a postconviction petition, and because Hayes' petition argued issues that either were on the record or should have been placed in the record, the trial court was permitted to simply conclude that "[a]ll issues raised in Defendant's Motion were already or should already have been raised in the direct appeal or the subsequent appeals." (Aug. 5, 2025 Order.) Hayes' short petition, arguing solely about actions that had already been presented on the record in the trial court, did not provide for or require anything from the trial court in the way of additional fact finding or legal analysis.

{¶ 9} And on review of Hayes' pleadings, the petition and other motions, the trial court's judgment, and the hearing transcripts, we have little trouble holding that the trial court properly concluded that, contrary to his assertions, Hayes' arguments do not rely on any evidence outside the record. Hayes does not suggest that there is some evidence he was precluded from discovering or obtaining prior to a trial on the merits, and he has not identified any evidence outside the record showing a constitutional error or prejudice flowing from such error. Rather, he mainly argues that his rights were prejudiced by his standby counsel's action in filing a motion for discovery, because that discovery was furnished to standby counsel prior to the hearing on his suppression motion rather than to Hayes himself. But this was known prior to trial—the trial court specifically had the state

play the dashcam video for Hayes at the outset of the suppression hearing. (Jan. 18, 2024 Suppression Tr. at 3-5.) Hayes fully was able to view the video and cross-examine the task force officer who identified and surveilled him, *id.* at 32-57, as well as the K-9 officer who performed the traffic stop and supervised the dog sniff and subsequent search of his car. *Id.* at 86-109. Moreover, this court fully analyzed and approved the traffic stop and search in Hayes' direct appeal. *See Hayes*, 2025-Ohio-2238, at ¶ 43-53 (10th Dist.).

{¶ 10} Hayes' appeal brief is not entirely clear, but he also seems to argue that this same video evidence was not transmitted to this court as part of his direct appeal, and that it is therefore evidence *dehors* the record. But it is the appellant's duty to ensure the record on appeal is complete. *See* App.R. 9(B)(1). Even if Hayes' failure to ensure that this evidence was part of the appellate record somehow limited his ability to argue his case on appeal—a contention he does not explain—he has not provided that evidence to either the trial court or this court in his postconviction proceedings. Although he interprets this as "evidence favorable to the defendant" that was "suppressed," there is no suggestion either in the record or in any pleading that Hayes discovered evidence subsequent to his decision to enter a no contest plea that would have affected that decision in any way. We cannot presume prejudice to Hayes on this point, and he has provided nothing to either the trial court or this court to show or even suggest how he was prejudiced by the alleged absence of this evidence, either in his direct appeal or in these postconviction proceedings.

{¶ 11} In sum, Hayes has not pointed to any evidence *dehors* the record that supports the suggestion that his rights were violated in any way. As a result, the trial court correctly concluded that his issues were barred by *res judicata*.

{¶ 12} Having overruled Hayes' three assignment of errors, the judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief is affirmed.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.

_____